UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JOSEPHA A. CAMPINHA-BACOTE d/b/a TRANSCULTURAL C.A.R.E. ASSOCIATES, | : <br> : Case No. 3:13-cv-01195 <br> : <br> : Judge: |
| Plaintiff, | : |
| -vs- | : **COMPLAINT** |
| DIANE TURNER | : |
| and | : |
| DALLAS COUNTY HEALTH AND HUMAN SERVICES, | : <br> : |
| Defendants. | |

## INTRODUCTION

1. This is an action by Dr. Josepha Campinha-Bacote d/b/a Transcultural C.A.R.E. Associates ("Transcultural C.A.R.E."), a sole proprietorship registered under the laws of Ohio, to recover damages arising from infringement of Dr. Campinha-Bacote's copyright in her creative works by Defendants Diane Turner ("Turner") and Dallas County Department of Health and Human Services ("DCHHS") (collectively "Defendants"). Turner is being sued in her individual and official capacity. Defendants reproduced, copied, and published Dr. Campinha-Bacote's model of cultural competency, "Cultural Competency in Healthcare Delivery: Have I 'ASKED' Myself the Right Questions?" without permission.

## THE PARTIES

2. Plaintiff Dr. Campinha-Bacote ("Plaintiff") is President and founder of Transcultural C.A.R.E., with its principal place of business located at 11108 Huntwicke Place, Cincinnati, Ohio 45241. Transcultural C.A.R.E. is a private organization providing keynote presentations,

1

workshops, seminars, consultations, and training focusing on clinical, administrative, research and educational issues related to cultural competence, transcultural health care & mental health. Dr. Campinha-Bacote operates a website by and through which her tools and models can be ordered by individuals who pay a fee.

3. Upon information and belief, Defendant Diane Turner is a resident of the state of Texas.

4. Upon information and belief, Defendant Dallas County Health and Human Services is an Administration of Public Health Programs company located in Dallas, Texas.

## JURISDICTION

5. This is a suit for copyright infringement under the United States Copyright Act of 1976, 17 U.S.C § 101 *et seq.*

6. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1338(a).

## VENUE

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## BACKGROUND

8. In 2002, Dr. Campinha-Bacote developed a mnemonic model of cultural competence entitled "Cultural Competency in Healthcare Delivery: Have I 'ASKED' Myself the Right Questions?" ("ASKED model"). This model is an original work that is copyrighted under U.S. law, and a copy of the model is attached hereto as "Exhibit A".

9. On August 31, 2003 Dr. Campinha-Bacote applied to the U.S. Copyright Office and received a Certificate of Registration for her work under Registration No. TX 5-837-864, with an effective date of 9/11/03. Dr. Campinha-Bacote complied in all respects with the Copyright Laws of the United States and a copy of the Registration is attached hereto as "Exhibit B".

10. The Plaintiff is the sole owner of all rights in the copyrighted works.

11. On or about May 30, 2010, Dr. Campinha-Bacote learned that Defendant Turner had given a presentation on or around May 26, 2010.  PowerPoint slides which unlawfully referenced Dr. Campinha-Bacote's copyrighted material were used in this presentation. This presentation was titled: "Culturally Competent STD/HIV Care: A Bridge Over Cultural Waters."  A copy of that presentation is still located at: http://www.slideshare.net/diturner.

12. Upon information and belief, Turner gave this presentation in her official capacity as a Nurse Practitioner at the Dallas County Department of Health and Human Services, such that vicarious liability can be imputed to Defendant Dallas County Department of Health and Human Services.

13. At all times relevant hereto, Defendants did not have permission to copy or publicly display Dr. Campinha-Bacote's ASKED model.

14. When asked, Defendants were unable to produce any documentation permitting use of Plaintiff's models.

15. Defendants did not have permission to publish Dr. Campinha-Bacote's ASKED model, or reference the model in any way.

16. Defendants have admitted to and acknowledged unauthorized use of Dr. Campinha-Bacote's ASKED model.

17. Defendants knew or should have known that the model being used was copyrighted.

18. The Plaintiff notified Defendants of the nature of its violations prior to commencing this action.

## COUNT I

19. This Count alleges copyright infringement, pursuant to 17 U.S.C. § 501. The Plaintiff repeats and realleges paragraphs 1 through 18 above.

20. Defendants knew or should have known the infringed work belonged to Plaintiff and that they did not have permission to use Plaintiff's works.

21. Defendants knew or should have known that the model being used was copyrighted.

22. Defendants knew or should have known that their acts constituted copyright infringement.

23. Defendants' conduct was willful within the meaning of the Copyright Act.

24. The Plaintiff has been damaged by the Defendants' actions.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff demands that:

a. Defendants be enjoined from reproducing, administering, displaying, or publishing Plaintiff's works;

b. Defendants be ordered to pay statutory damages pursuant to 17 U.S.C. § 504;

c. Defendants' actions be declared willful under 17 U.S.C. § 504(c)(2);

d. Defendants pay the Plaintiff reasonable attorney's fees and costs of this action, pursuant to 17 U.S.C. § 505;

e. Defendants pay pre-judgment and post-judgment interest on any damages awarded; and

f. the Court award the Plaintiff all other relief it deems justified.

Respectfully Submitted,

_____
Avonte D. Campinha-Bacote (0085845)
Campinha Bacote LLP
One Market Street, Steuart Tower, Suite 500
San Francisco, CA 94105
(415) 426-7111
(415) 276-2988 (FAX)
Avonte@cambaclaw.com

*Counsel for Plaintiff*

5