UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPHA A. CAMPINHA-BACOTE ) <br> d/b/a TRANSCULTURAL C.A.R.E. ) <br> ASSOCIATES, ) <br> ) <br> Plaintiff, ) <br> ) <br> VS. ) <br> ) <br> DIANE TURNER, ET AL., ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. <br><br> 3:13-CV-1195-G |

### MEMORANDUM OPINION AND ORDER

Before the court are the motions of the defendants (1) Dallas County, Texas ("Dallas County") and (2) Diane Turner ("Turner") (collectively, "the defendants") to dismiss the plaintiff's complaint against them for failure to state claims upon which relief can be granted. Defendant Dallas County, Texas' Motion to Dismiss Under FED. R. CIV. P. 12(b)(6) ("Dallas County Motion") (docket entry 22); Defendant Diane Turner's Motion to Dismiss Under FED. R. CIV. P. 12(b)(6) ("Turner Motion") (docket entry 24). For the reasons set forth below, the motions to dismiss are denied.

I. BACKGROUND

Josepha Campinha-Bacote, d/b/a Transcultural C.A.R.E. Associates, ("Campinha-Bacote") is the president and founder of Transcultural C.A.R.E.

Associates, an organization which provides various transcultural health care and mental health educational programs. Plaintiff's First Amended Complaint for Damages ("Complaint") (docket entry 18) ¶ 2. Campinha-Bacote developed a mnemonic model entitled "Cultural Competency in Healthcare Delivery: Have I 'ASKED' Myself the Right Questions?" known as the ASKED model. *Id.* ¶ 8. Campinha-Bacote, sole owner of the ASKED model, holds the rights to all copyrighted material related to this model. *Id*. ¶ 10.

Campinha-Bacote alleges that on or about May 30, 2010, Turner, in her official capacity as a Dallas County Department of Health and Human Services employee and in her individual capacity, gave a PowerPoint presentation which incorporated Campinha-Bacote's copyrighted ASKED model without obtaining permission. *Id*. ¶ 11. Campinha-Bacote further alleges that Dallas County has vicarious liability for the alleged infringement because Turner gave the presentation in her official capacity. *Id*. ¶ 12. Campinha-Bacote also contends that Dallas County is subject to vicarious liability because it financially benefitted from the presentation and was in a supervisory position which gave it the right and ability to control Turner's conduct. *Id*. ¶¶ 13, 14. Specifically, Campinha-Bacote alleges copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, against Turner in her official and individual capacities, and against Dallas County for vicarious liability. *See generally* Complaint.

Dallas County moves to dismiss for failure to state a claim on the basis that vicarious liability cannot be imputed to Dallas County as Campinha-Bacote elected to proceed against another defendant as a direct infringer, Dallas County did not have a financial interest in the alleged infringement, and Dallas County did not have the right and ability to stop or limit the alleged infringement. *See generally* Dallas County Motion. Turner moves to dismiss for failure to state a claim contending that Campinha-Bacote's claims are redundant and are barred by qualified immunity and by the doctrine of mootness. *See generally* Turner Motion.

## II. ANALYSIS

### A. Standard for Determination under Rule 12(b)(6)

FED. R. CIV. P. 12(b)(6) authorizes dismissal of a complaint "for failure to state a claim upon which relief can be granted." A motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994) (citations omitted).

The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (quoting WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357), *cert. denied*, 459 U.S. 1105 (1983). Granting such a

motion "is a 'precarious disposition with a high mortality rate.'" *Id*. (quoting *Barber v. Motor Vessel "Blue Cat,"* 372 F.2d 626, 627 (5th Cir. 1967)).

Before dismissal is granted, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-movant. *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994) (citation omitted); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citations omitted); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir. 1991).

### B. Dallas County's Motion to Dismiss

#### 1. *Direct and Vicarious Liability Claims*

Dallas County maintains that Campinha-Bacote cannot bring a claim against the same defendant for direct liability and vicarious liability. Dallas County Motion at 4-5. Campinha-Bacote counters that she is not bringing claims against Dallas County for both theories of liability, but rather is bringing a claim against Turner for direct liability and Dallas County for vicarious liability. Plaintiff's Opposition to Defendant Dallas County's Motion to Dismiss First Amended Complaint ("Response to Dallas County") (docket entry 23) at 2. Dallas County further contends that Campinha-Bacote cannot maintain a vicarious liability suit against Dallas County because she is also bringing a direct infringement claim against Turner in her official capacity. Defendant Dallas County, Texas' Reply to Plaintiff's Response in

Opposition to Motion to Dismiss ("Dallas County Reply") (docket entry 25) at 3. That is, Dallas County maintains that a claim against an employee in his or her official capacity is tantamount to a claim against the government entity; thus, Campinha-Bacote's claim cannot stand against the County. *Id*. Further, Dallas County contends that a vicarious liability claim cannot be sustained where the direct infringer is already before the court. Here, Campinha-Bacote brought suit against Turner for direct liability and against Dallas County for vicarious liability. Even if the direct liability of Turner is imputed to Dallas County, at this stage of the proceedings, the two claims can stand simultaneously.

2. *Vicarious Liability*

Campinha-Bacote alleges that Dallas County has an interest in assuring Dallas County residents receive adequate health care information and services needed to maintain and improve their health. Response to Dallas County at 4. Campinha-Bacote further contends that the alleged infringement would assist Dallas County in meeting these interests by increasing the likelihood that Dallas County would receive public and private funding. Complaint ¶ 13. Campinha-Bacote avers that Dallas County at all times during the infringing conduct acted as the employer to Turner and stood in a direct supervisory position at the time of the alleged infringement. *Id*. at 6. Therefore, Campinha-Bacote has alleged sufficient facts to survive Dallas County's motion to dismiss.

### C.  Turner's Motion to Dismiss

Turner contends that the claim against her for direct copyright infringement is redundant because a claim against her in her official capacity is tantamount to a claim against the County.  Turner Motion at 4.  Turner further maintains that because Campinha-Bacote's claim of direct liability imputes to the County, the claim of direct liability against her is redundant.  *Id*.  As stated *supra*, even if Turner's direct liability is imputed to the County, claims for direct liability and vicarious liability can stand against the same defendant.  As a result, the claims against Turner are not redundant.

Turner contends that she is not liable for the claims alleged by Campinha-Bacote because Turner is entitled to the defense of qualified immunity, and Campinha-Bacote failed to plead adequate specific facts in order to defeat the qualified immunity defense.  Turner Motion at 5.  A government official is entitled to qualified immunity when the alleged action was within the scope of the officials discretionary authority and the action did not violate a clearly established statutory right.  *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).  Campinha-Bacote alleges that Turner violated clearly established copyright law when she incorporated Campinha-Bacote's copyrighted material into her PowerPoint presentation without obtaining permission and that the violation was not reasonable in light of the circumstances.  Plaintiff's Opposition to Defendant Diane Turner's Motion to Dismiss Plaintiff's First Amended Complaint ("Response to Turner") (docket entry

26) at 6.  In addition, Campinha-Bacote alleges that the conduct was not objectively reasonable because the defendants knew or should have known that the material was protected by copyright.  Complaint ¶ 19.  Under the circumstances, the Campinha-Bacote has pled sufficient specific facts to survive Turner's motion to dismiss on the grounds of qualified immunity.

Turner further urges that the Campinha-Bacote's claim for injunctive relief is moot.  Turner Motion at 8-9.  A claim is moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969).  Turner contends that because she is no longer employed by the County, and the presentation is no longer displayed online, that repeating the alleged violation is not likely.  However, "it is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982).  The standard for determining whether a claim becomes moot as a result of a defendant's voluntary conduct is stringent.  *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000).  "A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *United States v. Concentrated Phosphate Export Association*, 393 U.S. 199, 203 (1968).  Turner contends that because she is no longer employed by Dallas County

and is not likely to engage in the alleged infringing activity in the future that the Campinha-Bacote's claim for injunctive relief is moot. Turner Motion at 9. Because the court finds at this stage that Turner is not entitled to the defense of qualified immunity, and she has failed to demonstrate that the alleged infringing activity will not recur, the court is not convinced that Turner has met her burden as movant regarding future conduct. Therefore, the claims against Turner have not been shown to be moot.

### III.  CONCLUSION

For the reasons stated above, the motions to dismiss are **DENIED**.

**SO ORDERED.**

March 10, 2014.

_____
**A. JOE FISH**
**Senior United States District Judge**